UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**ELLISA CARUTHERS,**

    **Plaintiff,**

**v.**                                                             Case No: 5:23-cv-623-PRL

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

### ORDER

Plaintiff Ellisa Caruthers appeals the administrative decision denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Upon a review of the record, the memoranda, and the applicable law, the Commissioner's decision is **reversed** and **remanded**.

**I.**    **BACKGROUND**

On September 18, 2020, Plaintiff filed a Title II application for DIB, alleging disability beginning August 24, 2020. The claim for DIB was denied initially on March 24, 2021, and upon reconsideration on October 20, 2021. On December 8, 2021, Plaintiff filed a written request for a hearing before an Administrative Law Judge ("ALJ"). On January 6, 2022, Plaintiff filed a Title XVI application for SSI, alleging disability beginning August 24, 2020.[1] A hearing was held before an ALJ on May 12, 2022, where both the Plaintiff and an impartial vocational expert testified. On May 23, 2022, the ALJ issued a notice of unfavorable decision, finding Plaintiff not disabled. (Tr. 34-61). Plaintiff's request for review was denied by the

---

[1] This claim was escalated to the hearing level and associated with the Title II claim.

Appeals Council (Tr. 1), and she initiated this instant action on October 16, 2023 (Doc. 1). Plaintiff has exhausted her administrative remedies, and the final decision of the Commissioner is ripe for review under 42 U.S.C. § 405(g).

Based on a review of the record, the ALJ found that Plaintiff had severe medically determinable impairments of degenerative disc disease, degenerative joint disease, carpal tunnel syndrome, fibromyalgia, and obesity. (Tr. 40-43). The ALJ also found that Plaintiff's depression and obstructive sleep apnea were non-severe impairments. (*Id.*).

Further, the ALJ found that, despite her impairments, Plaintiff had the residual functional capacity ("RFC") to perform light work with certain limitations, including postural, environmental, and mental limitations. (Tr. 45-53). Specifically, the ALJ determined that Plaintiff can lift or carry 10 pounds frequently and 20 pounds occasionally; sit for 6 hours and stand or walk for 4 hours out of an 8-hour workday; climb ramps or stairs occasionally but should avoid climbing ladders exceeding 6 feet, ropes, or scaffolds; balance occasionally; stoop, kneel, crouch, and crawl occasionally; handling, fingering, and feeling with both hands frequently; can work in an environment with moderate temperatures, and in humidity and wetness occasionally. (*Id.*). She can have occasional exposure to hazards, such as unprotected areas of moving machinery; heights; ramps, ladders, or scaffolding. (*Id.*). She can also have occasional exposure to hazards on the ground, such as unprotected areas of holes and pits. (*Id.*). As to mental limitations, the ALJ found that Plaintiff was limited in her ability to concentrate and would require simple, routine, repetitive tasks; would be off task an average of 5% each hour; and would miss on average 1 day of work each quarter. (*Id.*).

Based on the RFC assessment and considering the testimony of a vocational expert regarding what functions Plaintiff could perform despite her limitations, the ALJ found that

there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, such as a mail clerk, folder of garments, and hand bander. (Tr. 54-55). Accordingly, the ALJ determined that Plaintiff is not disabled. (Tr. 55-56).

## II.   STANDARD OF REVIEW

A claimant is entitled to disability benefits when he or she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months. *See* 42 U.S.C. §§ 416(i)(1), 423(d)(1)(A); 20 C.F.R. §404.1505(a).

The Commissioner has established a five-step sequential analysis for evaluating a claim of disability, which is by now well-known and otherwise set forth in the ALJ's decision. *See* 20 CFR §§ 404.1520(a), 416.920(a); *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The claimant, of course, bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

The scope of this Court's review is limited to a determination of whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *See McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). Indeed, the Commissioner's findings of fact are conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla—i.e., the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *See Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (*citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson*, 402 U.S. at

401); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). When the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as a finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *See Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). This is clearly a deferential standard.

Nevertheless, "[t]he Secretary's failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

### III. DISCUSSION

On appeal, Plaintiff challenges the ALJ's mental RFC findings[2] and the ALJ's evaluation of her cane use. Plaintiff argues that the ALJ erred in determining Plaintiff's mental RFC findings because the ALJ failed to offer any evidence or explanation supporting his off-task and work-absence findings in the RFC assessment in violation of Social Security Ruling ("SSR") 96-8p, and he made internally inconsistent findings regarding the limitation in Plaintiff's ability to concentrate. The Court agrees. Based on this conclusion, the Court need

---

[2] The Court has combined Plaintiff's first two challenges raised in her appeal since both relate to the ALJ's mental RFC findings. Plaintiff's first argument asserts that the "Residual Functional Capacity ('RFC') assessment is not supported by substantial evidence where the ALJ unilaterally determined plaintiff would be off task 5% of the workday and absent from work once per quarter without any medical support or explanation, in violation of SSR 96-8p." (Doc. 16 at pp. 8, 10). Plaintiff's second argument asserts that the "Residual Functional Capacity ('RFC') assessment is not supported by substantial evidence where the ALJ made internally inconsistent findings regarding plaintiff's depression and did not account for the condition in the RFC limitations despite finding the impairment caused moderate limitations in sustaining, concentration, persistence, or pace." (*Id.* at pp. 8, 14).

not consider Plaintiff's remaining argument raised on appeal regarding her cane use.[3] *See Demenech v. Sec'y of Dep't of Health & Human Servs.*, 913 F.2d 882, 884 (11th Cir. 1990) (per curiam) (declining to address claimant's remaining arguments due to the conclusions reached in remanding the case); *Jackson v. Bowen*, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam) (stating that where remand is required, it may be unnecessary to review other claims raised) (citations omitted).

As an initial matter, the ALJ made internally inconsistent findings regarding Plaintiff's ability to concentrate and offered no evidence or explanation supporting his off-task and work-absence findings in the RFC assessment. In the ALJ's decision, the ALJ found that Plaintiff's mental impairment of depression was non-severe, causing both "mild" and "moderate" limitations in concentrating, persisting, or maintaining pace. (Tr. 40-43). Then, without any medical evidence or explanation, the ALJ determined that based on Plaintiff's "limitations in the ability to concentrate," she would be limited to "simple, routine, repetitive tasks;" "off task an average of 5% each hour;" and "miss on average 1 day of work each quarter" in the RFC assessment. (Tr. 45-46, 50).

As a general matter, SSR 96-8p discusses the Social Security Administration's policies and policy interpretations regarding RFC assessments. *See generally* SSR 96-8p, 1996 WL 374184 (July 2, 1996). SSR 96-8p explains that the "RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis . . . [despite] functional limitations or restrictions caused by medical impairments." *See id*. at *1 ("A 'regular and continuing basis' means 8 hours a day,

---

[3] Plaintiff's third and final argument asserts that the "ALJ committed harmful error in assessing the RFC where he failed to address plaintiff's need for a cane, or other handheld assistive device, in assessing her work limitations." (Doc. 16 at pp. 8, 18).

for 5 days a week, or an equivalent work schedule."). SSR 96-8p further provides, in relevant part, that "[t]he RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Id*. at \*7. In assessing RFC, the ALJ "must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis . . . and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record." *Id*. While the ALJ need not consider every piece of evidence in his decision, the ALJ must consider all relevant medical and other evidence in the record when assessing and making a finding in the claimant's RFC.[4] *See Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004); *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005); *Bagley v. Astrue*, No. 3:08-cv-591-J-JRK, 2009 WL 3232646, at \*8 (M.D. Fla. Sept. 30, 2009); 20 C.F.R. § 404.1520(e).

In particular, as it relates to the RFC assessment and findings made therein, the ALJ is "required to build an accurate and logical bridge from the evidence to his . . . conclusion." *Flentroy-Tennant v. Astrue*, No. 3:07-CV-101-J-TEM, 2008 WL 876961, at \*8 (M.D. Fla. Mar. 27, 2008). The requisite accurate and logical bridge from the evidence to the conclusion exists if the ALJ "sufficiently articulated" his assessment of the evidence. *See Crecelius v. Comm'r of Soc. Sec.*, No. 2:17-CV-320-FTM-99CM, 2018 WL 4042856, at \*2 (M.D. Fla. Aug. 24, 2018); *Flentroy-Tennant v. Astrue*, 2008 WL 876961, at \*8 (noting that when an ALJ sufficiently

---

[4] In rendering an RFC assessment, the ALJ considers evidence such as the claimant's medical history; medical signs and laboratory findings; the effects of treatment, such as the frequency of treatment, duration, and disruption to routine; reports of daily activities; recorded observations; medical source statements; the effects of symptoms, including pain; evidence from attempts to work; any measures the claimant uses or has used to relieve pain or symptoms; and any other factors concerning the claimant's functional limitations and restrictions. *See* SSR 96-8p, 1996 WL 374184, at \*5.

articulates his or her assessment of the evidence, it "assure[s] the court that they have considered the important evidence[,] so that the court may trace the path of the ALJ's reasoning to his or her conclusion"); *see also Lox v. Kijakazi*, No. 8:23-CV-140-NHA, 2024 WL 1172879, at *4 (M.D. Fla. Mar. 19, 2024) ("[T]he ALJ must state the grounds for his decision with enough clarity to enable a court to conduct a meaningful review.") (citing *Owens v. Heckler*, 748 F.2d 1511, 1514-15 (11th Cir. 1984)). If a finding in the ALJ's decision lacks a clear explanation, that constitutes reversible error, and substantial evidence cannot support the ALJ's decision. *See Weidlich v. Comm'r of Soc. Sec.*, No. 22-13309, 2023 WL 8015753, at *2 (11th Cir. Nov. 20, 2023) (citing *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981)).

      Here, the ALJ created no logical bridge to connect the evidence related to Plaintiff's apparent limitation in the ability to concentrate with his off-task and work-absence findings in the RFC assessment. In reviewing the record, the ALJ noted various medical evidence showing the Plaintiff with normal concentration and no limitations in her ability to concentrate. (Tr. 50-52). The only evidence (medical or otherwise) the ALJ even cites to suggest a possible limitation in Plaintiff's ability to concentrate is the record from the Florida Neurological Center ("FNC") on March 1, 2021. (Tr. 40-42, 51). The FNC record indicates that Plaintiff had a "[d]ysphoric affect," as well as "[r]educed attention span and concentration." (Tr. 40-42, 51, 1009).[5] Other than some passing references to the FNC record, the ALJ fails to offer any evidence (e.g., medical opinions or treatment records) in the record demonstrating a limitation in Plaintiff's ability to concentrate. Accordingly, the ALJ failed to explain how the evidence in the record supported his RFC findings that Plaintiff would be off

---

      [5] During that same examination, Dr. Kim also noted that Plaintiff showed "good insight," "[r]emote memory recall [wa]s grossly intact," and "fluent [speech] without aphasia or dysarthria. (Tr. 40-42, 51, 1009).

task an average of 5% each hour and absent from work on average one day each quarter. *See Rios v. Acting Comm'r of the Soc. Sec. Admin.*, 2023 WL 5926916, at *7 (M.D. Fla. Sept. 12, 2023) ("[T]he ALJ's failure to explain how she reached the 10% off task determination . . . is particularly troublesome . . . [a]nd, because of the initial omissions, it is unclear whether the ALJ meant for the 10% to encompass the state agency doctors' limitations.").

The ALJ's findings in the RFC assessment are particularly troubling here because a small increase in the off-task percentage of time or number of days absent from work can be outcome-determinative. *See Tammy C. v. Comm'r of Soc. Sec.*, No. 3:20-CV-00074-RGV, 2021 WL 9666636, at *11 (N.D. Ga. Sept. 30, 2021) (noting that an ALJ's explanation of how he determined specific limitation findings in the RFC assessment that have the potential to be work preclusive is significant); *Rios*, 2023 WL 5926916, at *7 ("[T]he ALJ's failure to explain the [percentage] time off limitation is particularly troublesome because a higher percentage may have been outcome determinative."). Indeed, at the administrative hearing before the ALJ, the vocational expert testified that if a hypothetical individual with the Plaintiff's age, education, work experience, and RFC were to have "greater than 10% off[-]task behavior, that would preclude jobs" and that "one absence per month [would be] tolerated . . . [but] anything in excess of that would preclude jobs." (Tr. 80-82).

When an ALJ makes specific limitation findings in the RFC assessment that have the potential to be work preclusive, he must explain the basis for his determinations. *See Tammy C.*, 2021 WL 9666636, at *11; *Rios*, 2023 WL 5926916, at *7; *cf. Otero v. O'Malley*, No. 8:23-CV-1092-JRK, 2024 WL 4315146, at *5-8 (M.D. Fla. Sept. 27, 2024) (finding that the ALJ "explain[ed] in great detail why the mental evidence did not support . . . opinions [from two doctors] and why it did support the ultimately-assigned mental RFC for 'limitations in the

ability to concentrate and would require simple, routine, repetitive tasks; would be off task an average of 5% each hour; and would miss on average 1 day of work each quarter'"). Here, as the vocational expert testified, the ALJ's findings regarding Plaintiff's off-task behavior and level of absenteeism had the potential to be work preclusive, but the ALJ failed to sufficiently articulate the basis for how he chose such precise figures pertaining to Plaintiff's percentage of time spent off-task and the number of days she would be absent from work.[6] For example, the ALJ does not explain in any detail how he determined the Plaintiff would be off task an average of 5% each hour, as opposed to 15% or some other percentage, and would be absent from work on average one day each quarter, as opposed to missing work two days each quarter or one day per month in each quarter. These figures are not based on any particular medical evidence, opinion, or subjective testimony. Accordingly, the Court is unable to determine how the ALJ arrived at such specific limitation findings in the RFC assessment.

Given the ALJ's failure to offer any evidence or explanation supporting his off-task and work-absence findings in the RFC assessment and his internally inconsistent findings regarding Plaintiff's ability to concentrate, the Court cannot discern whether the ALJ's findings in the RFC assessment that Plaintiff would be off task an average of 5% each hour and miss on average one day of work each quarter due to her limitation in the ability to concentrate is supported by substantial evidence. *See Russ v. Barnhart*, 363 F.Supp.2d 1345, 1347 (M.D. Fla. 2005) ("The existence of substantial evidence in the record favorable to the Commissioner may not insulate the ALJ's determination from remand when he or she does not provide a sufficient rationale to link such evidence to the legal conclusions reached."); *see*

---

[6] The ALJ generally noted in step five that the "claimant's limitations of being off task an average of 5% each hour, and missing on average 1 day of work each quarter, may not be addressed by or consistent with the DOT, but that the vocational expert persuasively opined that the claimant could perform the above jobs even with these hypothetical limitations." (Tr. 55).

*also Lox*, 2024 WL 1172879, at *4 ("[T]he court cannot affirm simply because some rationale could have supported the ALJ's decision.") (citing *Owens*, 748 F.2d at 1516). Absent a clear explanation, substantial evidence cannot support the ALJ's decision.

## IV.   CONCLUSION

Accordingly, for the reasons stated above, the ALJ's decision is **REVERSED** pursuant to 42 U.S.C. § 405(g) and **REMANDED** for further proceedings consistent with this Order. The Clerk is directed to enter final judgment for the Plaintiff and close the file.

**DONE and ORDERED** in Ocala, Florida on January 7, 2025.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties